NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

DMYTHO HITOTA, PETITIONER, v. PUBLIC SERVICE RAILWAY COMPANY, A CORPORATION, RESPONDENT.

For the petitioner, *Julius H. Halprin.*

For the respondent, *James O. Boyd.*

\* \* \* \* \* \* \*

From the evidence and stipulations entered into between the parties, it would appear that the petitioner was employed by the respondent as a trolley car cleaner at its car house at Nineteenth street and South Orange avenue, in the city of Newark.

The petitioner alleges that on the evening of October 23d, 1926, he slipped off a step of the trolley car which he was cleaning, and sustained an injury to his left hip and leg. He was first treated by a doctor on the 23d of December, 1926, and at that time was given a treatment which is ordinarily given for rheumatism. The petitioner put this doctor on the stand, and while this doctor was evidently telling the truth, his answers were so evasive that his testimony led me to believe that he did not think that the petitioner was suffering disability from an accident. The doctor further testified that the history which he received from petitioner indicated that he had the same pains in the same leg about three years previous. Two other doctors were placed on the stand by the petitioner who had seen the petitioner subsequent to December, 1926, and they testified that they believed the petitioner was suffering from a permanent disability, and in answer to a hypothetical question testified that they believed the condition from which he was suffering was due to an accident.

The respondent put on as witnesses the foreman, assistant foreman and the petitioner's helper, who testified that the petitioner complained of rheumatism, and did not say anything to him about an accident at any time. Even the helper, who was working with the petitioner, stated he was not told of any accident happening to him at the time the petitioner alleges that his accident happened. The foreman and the assistant foreman both testified that they had never received any notice from the petitioner that he had been injured.

The petitioner had met with a previous accident to his finger, and knew the procedure to go through to obtain compensation.

Two physicians for the respondent testified that there was no disability to the left leg, but that the right leg had quite

a number of varicose veins, which caused an enlargement of that leg, and therefore, the left leg appears smaller than the right leg. They also testified that if the petitioner had sustained a tearing of the muscles of the left leg, he would have been immediately incapacitated, and would not have gone from October to December without medical treatment.

In view of the testimony I have come to the conclusion that the petitioner did not report this accident to his employer within ninety days from the happening thereof, and also that he is not suffering any permanent disability as a result of an accident.

\* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*